DECISION AND JUDGMENT ENTRY
This appeal comes to us from the Sandusky County Court of Common Pleas, where appellant, Robert Sherman, was tried and convicted on one count of gross sexual imposition and one count of felonious sexual penetration. Because the trial court did not err in its evidentiary rulings, we affirm.
On August 11, 1995, appellant was indicted and charged with one count of gross sexual imposition, in violation of R.C. 2907.05(A)(4), and one count of felonious sexual penetration, in violation of 2907.12(A)(1)(b). The events giving rise to the charges occurred between 1989 and 1994. During this period, appellant allegedly sexually molested his step daughter.[1]
On September 21, 1999, appellant was arrested in Florida and extradited back to Ohio. On April 11, 2000, appellant was tried and convicted on both counts.[2] It is from this judgment that appellant appeals, setting forth the following four assignments of error:
 "TRIAL COURT ERRED IN FINDING EVIDENCE OF PRIOR CONVICTION ADMISSIBLE THEREBY EFFECTIVELY PREVENTING APPELLANT FROM TESTIFYING ON HIS OWN BEHALF AT TRIAL, IN VIOLATION OF THE FIFTH, SIXTH AND FOURTEENTH AMENDMENTS TO THE FEDERAL CONSTITUTION, AND ARTICLE I, SECTIONS 10 AND 16 OF THE OHIO CONSTITUTION.
 "TRIAL COURT ERRED TO PREJUDICE OF APPELLANT BY FAILING TO INSTRUCT JURY ON LESSOR INCLUDED OFFENSE OF GROSS SEXUAL IMPOSITION AS TO FELONIOUS SEXUAL PENETRATION CHARGE, DENYING APPELLANT A FAIR TRIAL AND DUE PROCESS OF LAW AS GUARANTEED UNDER THE FIFTH, SIXTH AND FOURTEENTH AMENDMENTS TO THE FEDERAL CONSTITUTION AND ARTICLE I, SECTIONS 10 AND 16 OF THE OHIO CONSTITUTION.
 "TRIAL COURT ERRED IN PERMITTING ADMISSION OF INADMISSIBLE HEARSAY IN VIOLATION OF EVID. R. 802, DENYING APPELLANT A FAIR TRIAL AND DUE PROCESS OF LAW AS GUARANTEED UNDER THE FIFTH, SIXTH AND FOURTEENTH AMENDMENTS TO THE FEDERAL CONSTITUTION AND ARTICLE I, SECTIONS 10 AND 16 OF THE OHIO CONSTITUTION.
 "TRIAL COURT ERRED IN OVERRULING MOTION TO DISMISS INDICTMENT RESULTING FROM DESTRUCTION OF POLICE VIDEOTAPED INTERVIEWS WITH WITNESSES, THEREBY DENYING APPELLANT FAIR TRIAL AND DUE PROCESS OF LAW AS GUARANTEED UNDER THE FIFTH, SIXTH, AND FOURTEENTH AMENDMENTS TO THE FEDERAL CONSTITUTION AND ARTICLE I, SECTIONS 10 AND 16 OF THE OHIO CONSTITUTION."
 I.
Because appellant's first and third assignments of error relate to the admissibility of evidence, we will address them together. In his first assignment of error, appellant claims that the trial court erred by finding evidence of a prior conviction admissible.[3] In his third assignment, appellant claims the trial court erred by allowing inadmissible hearsay into evidence.
Questions regarding the admissibility of evidence are within the sound discretion of the trial court, and so long as such discretion is exercised in line with the rules of procedure and evidence, its judgment will not be reversed absent a clear showing of an abuse of discretion with attendant material prejudice to a party. State v. Hymore (1967),9 Ohio St.2d 122, 128. The term "abuse of discretion" connotes more than an error of law; it implies that the court acted unreasonably, arbitrarily or unconscionably. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219.
In regard to appellant's criminal history, the trial court determined that his prior conviction would be admissible pursuant to Evid.R. 609(B)[4] only if appellant took the stand and asserted that he was of good character and had no history of criminal behavior. The trial court determined that under such circumstances, evidence of the prior conviction could be used for impeachment purposes since its probative value would substantially outweigh its prejudicial effect. Since the trial court's decision on the prior conviction falls within the guidelines of Evid.R. 609(B), we cannot say that the trial court abused its discretion in making this determination.
Likewise, the trial court's admission of testimony complained of in appellant's third assignment of error was within its discretion. At trial, the victim's mother testified about a conversation she had with appellant, in which appellant admitted to molesting another child. The record reflects that the trial court sustained all of appellant's counsel's objections to this portion of the witness's testimony. Nevertheless, appellant's counsel later moved for a mistrial. This motion was denied. At that point, the trial court reconsidered its earlier position and determined that appellant's statements to the victim's mother were, in fact, admissions against interest and therefore admissible.
Evid.R. 804(B)(3) governs the hearsay exception on statements against interest. In pertinent part, it says:
 "(3) Statement against interest. A statement that was at the time of its making so far contrary to the declarant's pecuniary or proprietary interest, or so far tended to subject the declarant to civil or criminal liability, or to render invalid a claim by the declarant against another, that a reasonable person in the declarant's position would not have made the statement unless the declarant believed it to be true."
Based on our review of the record, appellant's statements to the victim's mother fall within the parameters of Evid.R. 804(B)(3). Thus, we cannot say the trial court abused its discretion by finding this testimony to be admissible.
Accordingly, appellant's first and third assignments of error are not well-taken.
 II.
In his second assignment of error, appellant claims that the trial court erred when it failed to instruct the jury that gross sexual imposition is a lessor included offense of felonious sexual penetration. Appellant is correct in stating that gross sexual imposition is a lessor included offense of felonious sexual penetration. However, appellant's counsel failed to object to the jury instructions given by the trial court. Failure to object to an error in the trial court in a criminal proceeding precludes the issue from being raised on appeal, unless the issue rises to the level of plain error. State v. Underwood (1983),3 Ohio St.3d 12, 13; State v. Long (1978), 53 Ohio St.2d 91. Plain error is an obvious error or defect in the trial court proceedings, affecting substantial rights, where, "but for the error, the outcome of the trial clearly would have been otherwise." State v. Underwood (1983),3 Ohio St.3d 12, 14. Based on our review of the record, we do not believe this is an issue that rises to the level of plain error since appellant's counsel may have chosen not to object for tactical purposes.
Accordingly, appellant's second assignment is not well-taken.
 III.
In his fourth assignment of error, appellant claims the trial court erred by overruling his motion to dismiss the indictment due to the destruction of evidence by the police. The evidence in question was a video tape containing police interviews of the victim and her two brothers. The interviews were conducted in 1995 by a detective from the Fremont Police Department. The Fremont Police Department routinely recycles video tapes that are no longer needed. On December 31, 1996, the video tape was mistakenly recycled.
A right of a criminal defendant to have access to evidence applies only to that evidence which is material. Brady v. Maryland (1963), 373 U.S. 83,87. It is the character of the evidence which is crucial to the determination [of materiality.] United States v. Agurs (1976), 427 U.S. 97,110. The state's duty to preserve evidence, as it relates to materiality, exists where the evidence requested is both (1) apparently exculpatory and (2) unique. California v. Trombetta (1984), 467 U.S. 479,488-89. This test applies where the state destroys evidence in good faith and in accord with normal practice. Id. at 488, quoting Killian v. UnitedStates (1961), 368 U.S. 231, 242.
Based on our review of the record, there is no indication that the video tape was potentially exculpatory. Appellant does not allege that the video tape would have depicted anything other than what the children and the investigating officer testified to at trial. Moreover, appellant had the opportunity to cross-examine both the officer and the child victim. Since there is no evidence that the state intentionally destroyed or recycled the video tape in bad faith or that the video tape would have proved to be exculpatory, the trial court properly denied appellant's motion to dismiss. Accordingly, appellant's fourth assignment of error is not well-taken.
The judgment of the Sandusky County Court of Common Pleas is affirmed. The court costs of this appeal are assessed to appellant.
JUDGMENT AFFIRMED.
 Melvin L. Resnick, J., James R. Sherck, J., Richard W. Knepper, J.
CONCUR.
[1] During this time, the step daughter's age ranged from two to seven years old.
[2] On May 16, 2000, appellant was classified as a sexual predator. In a separate sentencing hearing, appellant was sentenced to two years in prison on the gross sexual imposition charge, and ten to twenty-five years on the felonious sexual penetration charge. Both sentences were to run concurrently.
[3] In 1986, appellant was convicted of gross sexual imposition.
[4] Evid.R. 609(B), in pertinent parts, states:
 "(B) Evidence of a conviction under this rule is not admissible if a period of more than ten years has elapsed since the date of the conviction or of the release of the witness from the confinement, or the termination of probation, or shock probation, or parole, or shock parole imposed for the conviction, whichever is the later date, unless the court determines, in the interest of justice, the probative value of the conviction supported by the specific facts and circumstances substantially outweighs its prejudicial effect. * * *"